■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS WOODEN, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Kings County, entered April 15, 1964, which denied without a hearing (but "with leave to renew upon sufficient affidavit") his application to vacate a judgment of the former County Court, Kings County, rendered February 1, 1949, convicting him of burglary in the third degree, upon his plea of guilty, and imposing sentence. Order reversed, on the law, and matter remitted to the court below for a hearing before a Justice other than the one who accepted defendant's plea of guilty and for a determination *de novo.* No questions of fact have been considered. Defendant alleged that his plea of guilty was induced by threats made to him by the court, in the presence of his attorney, that if he went to trial and was found guilty he would receive a prison term of 19 to 20 years. His application was denied with leave to renew upon a sufficient additional affidavit, i.e., an affidavit from trial counsel. In our opinion, such action was erroneous. Defendant's application was *not* based on a claim that his attorney told him that the court had made certain threats regarding sentence. It was based on a claim that the court had made certain threats *directly* to defendant, albeit in the presence of his attorney. In such a situation, a corroborating affidavit from the attorney would have been most helpful to defendant's cause but was not a prerequisite to a hearing because, even without it, an issue of the alleged threats was presented (see *People* v. *Huarneck,* 22 A D 2d 651; *People* v. *Campbell,* 25 A D 2d 567). Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE P. METESKY, Appellant, v. W. CECIL JOHNSTON, as Superintendent of Matteawan State Hospital, Respondent.— In a habeas corpus proceeding, relator appeals from an order of the Supreme Court, Dutchess County, entered February 26, 1964, which dismissed the writ after a hearing and remanded him to custody. Order reversed on the law, without costs, and proceeding remitted to the Supreme Court, Dutchess County, for the purpose of (a) holding a further hearing, and (b) making a determination *de novo* on the basis of the proof adduced upon such hearing. No questions of fact have been considered. In our opinion, the relator was not given an opportunity to present evidence in support of his petition or to cross-examine respondent's medical witness (cf. *People ex rel. Cole* v. *Johnston,* 22 A D 2d 893). Christ, Acting P. J., Brennan, Hill, Hopkins and Benjamin, JJ., concur.